IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **TRACY L. ZACHWIEJA, ,** | |
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| **AMERICAN FAMILY MUTUAL INSURANCE COMPANY, ET AL.,** | Case No. 2:09CV99DAK |
| Defendants. | Judge Dale A. Kimball |

This matter is before the court on Defendant American Family Mutual Insurance Company's Motion to Bifurcate, filed February 26, 2009. Plaintiff Tracy L. Zachwieja filed a memorandum in opposition to the motion to bifurcate on March 13, 2009, and Defendant filed a reply memorandum on March 24, 2009. Neither party requested oral argument on the motion, and the court does not believe that a hearing would aid in its determination of the motion. Accordingly, the court enters the following memorandum decision and order based on the pleadings, memoranda, and other materials submitted by the parties as well as the relevant law and facts.

## BACKGROUND

On November 8, 2007, while driving northbound on I-15 between Las Vegas, Nevada, and St. George, Utah, Plaintiff Tracy Zachwieja was caused to drive off the edge of the road to avoid a semi-truck that had veered into her lane. As she drove out of the median and back onto I-

15 northbound, a semi-truck behind her struck her car from the rear, spinning the car around several times until it came to rest in the median.  The semi-truck that struck Plaintiff's car was never identified.

Plaintiff suffered the following injuries: a left clavicle fracture, third rib fracture, nonunion of the clavicle fracture, surgical placement of plate in clavicle that will require a future surgery to remove it, serious scarring on the clavicle under the neck, and shoulder pain.  Plaintiff states that her past and future medical bills are $42,456.43, and her lost wages are $26,975.00.

Plaintiff was insured by Defendant with a policy that provided no-fault benefits, and $100,000 per person uninsured motorist coverage.  The no-fault benefits are not at issue in this case because Defendant paid those benefits.  Plaintiff's uninsured motorist coverage states that Defendant "will pay compensatory damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle.  The bodily injury must be sustained by an insured person and be caused by accident or arise out of the use of the uninsured motor vehicle.  The policy defines an uninsured motor vehicle to include "a hit-and-run vehicle whose operator or owner is unknown and which causes bodily injury to an insured person.  If the unidentified motor vehicle proximately caused the accident without touching an insured person or the motor vehicle that the insured person was occupying, the insured person must show the existence of the uninsured motor vehicle by clear and convincing evidence consisting of more than the insured person's testimony."

Plaintiff made a claim under her uninsured motorist coverage with Defendant for the policy limits of $100,000.  Defendant refused to pay the full amount and offered $70,000.  Defendant argued that Plaintiff was comparatively negligent for overcorrecting while she was in

the median and reduced the policy limits of $100,000 by the factor of 30 percent, which it deemed as Plaintiff's percentage of comparative negligence.  Plaintiff disputed that she could be held comparatively negligent because of the emergency situation.  In addition, if Defendant was going to deduct 30 percent for comparative negligence, Plaintiff argued that it should do so from the full value of the case, which Plaintiff alleged was $250,000.  Defendant then offered $80,000.

Plaintiff subsequently filed this lawsuit alleging a claim for breach of contract against Defendant for failure to pay uninsured motorist benefits and a claim for breach of the implied covenant of good faith and fair dealing against Defendant for failure to fairly evaluate and settle the claim.

## DISCUSSION

Defendant moves to bifurcate Plaintiff's breach of contract claim and her bad faith breach of the covenant of good faith and fair dealing claim for both discovery and trial.  Rule 42(b) of the Federal Rules of Civil Procedure provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims."  Fed. R. Civ. P. 42(b).  A trial court has broad discretion in determining whether to bifurcate a trial or discovery.  *Easton v. City of Boulder*, 776 F.2d 1441, 1447 (10th Cir. 1985).  The moving party bears the burden of convincing the court to exercise its discretion.  *F&G Scrolling Mouse, L.L.C. v. IBM Corp.*, 190 F.R.D. 385, 387 (M.D.N.C. 1999).

"[T]here are no set guidelines delineating when ordering a separate trial is proper."  *Hadi v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 2259298, at *1 (S.D. Ohio Aug. 3, 2007).  "Generally, courts have adopted a case-by case method depending on the facts of the individual case."  *Id.*  Courts have recognized that "[i]n deciding whether to bifurcate a trial, a court should

consider the following factors: (1)judicial economy; (2) convenience to the parties; (3) expedition; and (4) avoidance of prejudice and confusion." *Ecrix Corp. v. Exabyte Corp.*, 191 F.R.D. 611, 613 (D. Colo. 2000).

This court has previously recognized that "the presumption is that the plaintiff, in a typical case, should be allowed to present her case in the order she chooses. The burden is on the defendant . . . to convince the court 'that a separate trial is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties.'" *Patten v. Lederle Laboratories*, 676 F. Supp. 233 (D. Utah 1987) (citation omitted); *see also Trujillo v. American Family Mut. Ins. Co.*, 2009 WL 440638, at *2 (D. Utah Feb. 20, 2009). "In deciding whether one trial or separate trials will best serve the convenience of the parties and the court, avoid prejudice, and minimize expense and delay, the major consideration is directed toward the choice most likely to result in a just final disposition of the litigation." *Hoffman v. Merrell Dow Pharmaceuticals*, 857 F.2d 290, 307 (6th Cir. 1988).

Defendant argues that the Utah Supreme Court has recognized that a breach of contract and a bad faith claim are severable. *Christiansen v. Farmers Insurance Exchange*, 116 P.3d 259 (Utah 2005). In discussing the insurance company's motion for a protective order precluding discovery on a bad faith claim while the breach of contract claim was still pending, the *Christiansen* court stated that "the claims of breach of express contract and bad faith are premised on distinct duties that give rise to divergent and severable causes of action." *Id.* at 261-62.

However, at issue in *Christiansen* was whether an insured must prove a breach of the express terms of an insurance contract before she may proceed with discovery on a bad faith

claim. *Id.* at 262.  The court stated that "the result of such a holding, however, would be to leave an insured who is ultimately found not to be entitled to payment under the contract, but with whom the insurer refused to bargain and to settle in good faith, without recourse for the breach of the implied covenant of good faith and fair dealing.  Such a result is contrary to *Beck*, where we held that the obligations to bargain or settle in good faith 'are the essence of what the insured has bargained and paid for." *Id.*  The court recognized that "[i]f we were to condition discovery in litigation of a bad faith claim on violation of the express terms of the contract , the insurer could escape liability by ultimately paying the claim, regardless of any wrongful delays or obstructions that may have occurred in the process." *Id.*  The court concluded that "a showing of breach of express contract is not a condition precedent to an insured seeking discovery in connection with his ongoing litigation of a bad faith claim." *Id.* at 263.

      Based on the reasoning of *Christiansen*, the court finds no basis for bifurcating discovery of Plaintiff's claims.  The two claims are severable in the sense that a finding of liability on the breach of contract claim is not a prerequisite for the bad faith claim.  In addition, separate discovery periods for each claim would be unjustifiably expensive and time consuming.  In *Swicegood v. Medical Protective Co.*, 2003 U.S. Dist. LEXIS 19366, 7-8 (N.D. Tex. Oct. 30, 2003), the court recognized that to wait for the result of the first trial before beginning discovery on the second would constitute an unfairly prejudicial delay.  Even if trial is bifurcated, the second trial should be able to begin immediately after the first.  In *Drennan v. Maryland Casualty Co.*, 366 F. Supp. 2d 1002 (D. Nev. 2005), the court also noted that "[j]oint discovery is more convenient to the parties and would further judicial economy.  With joint discovery, the parties will be better informed with regard to settlement efforts." *Id.* at 1007.  Accordingly, the

court denied Defendant's motion to bifurcate discovery.

With respect to bifurcating the trial of Plaintiff's breach of contract and bad faith claims, Defendant argues that it will be prejudiced on the breach of contract claim by the introduction of settlement negotiations that are relevant to the bad faith claim. Plaintiff, however, contends that in order to prove both of her claims, she must present evidence of Defendant's offer to settle the uninsured motorist claim. Plaintiff argues that her breach of contract claim requires her to prove that Defendant had a duty to pay her for the damages she received under the uninsured motorist provisions of her coverage, and its breach of such payment duty. The breach in this case is that she was entitled to the full $100,000 in uninsured motorist coverage and Defendant only offered to pay $80,000. Thus, the final offer of the insurance company is part of the prima facie case of breach of contract. And, the jury will need to assess the true value of the claim.

Defendant relies heavily on Judge Stewart's recent decision in *Trujillo v. American Family Mutual Ins. Co.*, 2009 WL 440638 (D. Utah Feb. 20, 2009), in which he bifurcated the trial on breach of contract and bad faith claims because of potential prejudice to Defendant. *Id.* at *4. In *Trujillo*, the court noted that the plaintiff's breach of contract claim required her to demonstrate that her damages exceeded the $125,000 she had already received from insurers of other parties to the accident. *Id.* at *2. The issue in that case, therefore, was whether the plaintiff's under-insured motorist coverage with the defendant was triggered at all.

Based on the evidence presented to the court, the present case is factually distinguishable from *Trujillo* because the breach of contract claim is based not on whether any uninsured motorist coverage is triggered but on how much of the uninsured motorist coverage Defendant should have paid. Defendant does not assert that Plaintiff is entitled to nothing under the policy.

6

Rather, Defendant contends that Plaintiff was comparatively negligent and her coverage must be reduced by that amount.  The breach of contract claim in this case, therefore, is based on the difference between paying the full coverage amount and the amount Defendant offered to pay.  The claim, then, necessarily involves a discussion of the amount and percentage of damages to which Defendant should have paid Plaintiff under her uninsured motorist coverage.  Plaintiff's bad faith claim is also based in part on Defendant's application of comparative negligence.  Therefore, the facts underlying the breach of contract and bad faith claims substantially overlap.

Based on the facts presently before the court, the court finds that Defendant will not be prejudiced by trying the breach of contract and bad faith claims together.  Judicial economy, convenience to the parties, and expedience all significantly favor one trial.  The court, however, denies Defendant's motion to bifurcate the trial without prejudice.  The court recognizes that relevant evidence may surface during discovery which could impact the bifurcation issue.  If such evidence arises, Defendant may bring a subsequent motion to bifurcate the trial after the close of discovery.  *See Bondex Int'l, Inc. v. Hartford Acc. & Indem. Co.*, 2004 U.S. Dist. LEXIS 28795, 18-21 (N.D. Ohio Feb. 19, 2004) (holding "as discovery on both the bad faith and coverage issues will proceed at the same time, the Court will be in a better position, once discovery has been completed, to ascertain the utility of bifurcation and exercise its discretion soundly.")

## CONCLUSION

Based on the above reasoning, Defendant's Motion to Bifurcate is denied as to discovery and denied without prejudice as to trial.  The court grants Defendant leave to raise the issue of bifurcating the trial after the close of discovery.

DATED this 27th day of March, 2009.

                                            _____
                                            DALE A. KIMBALL
                                            United States District Judge